# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Angelucci, : 
                Petitioner : 
                 : 
        v. : No. 75 C.D. 2018
                 : Argued: March 12, 2019
Pennsylvania Labor Relations Board, : 
             Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: April 2, 2019**

Before this Court is a petition for review filed by Daniel Angelucci (Angelucci) from an order of the Pennsylvania Labor Relations Board (Board). The Board dismissed Angelucci's exceptions and made absolute and final a hearing examiner's proposed order dismissing Angelucci's decertification petition for failure to establish the requisite showing of interest. Upon review, we affirm the Board's order.

## I. Background

In January 1972, the Board certified the American Federation of State, County and Municipal Employees, Council 13 (AFSCME) as the exclusive representative of a bargaining unit comprised of all Commonwealth professional inspection, investigation, and safety services employees. The certification does not exclude nonmembers of the union from the bargaining unit. AFSCME has served as the bargaining unit's exclusive representative since that time.

In April 2015, Angelucci filed a petition for decertification of AFSCME as the bargaining unit's exclusive representative.[1] Angelucci was a member of the bargaining unit at the time he filed his decertification petition. His employment has since terminated.

In support of the petition, Angelucci attached 470 authorization cards ostensibly signed by bargaining unit members. Angelucci obtained a list of bargaining unit members through a request under the Right-to-Know Law.[2] That list contained 1324 names. Angelucci therefore concluded that the 470 cards he submitted exceeded the 30% showing of interest required to trigger a hearing and an election pursuant to Section 607 of the Public Employe Relations Act (PERA),[3] 43 P.S. §1101.607.

Upon receiving Angelucci's decertification petition, the Board requested a list of bargaining unit members from the Commonwealth. That list included names not subject to disclosure on the list provided to Angelucci under his Right-to-Know Law request. The Commonwealth's list contained 1516 names. Thus, the Board calculated that Angelucci needed to submit at least 455 valid authorization cards to reach the 30% minimum showing of interest.

---

[1] Angelucci proposed to replace AFSCME with a new, as yet unformed union as the bargaining unit's exclusive representative. He expected to serve as the new union's president upon its formation.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101 – 67.3104.

[3] Act of July 23, 1970, P.L. 563, as amended, 43 P.S. §§1101.101 – 1101.2301.

2

After reviewing the authorization cards, the Secretary of the Board determined Angelucci did not submit a sufficient number of cards completed by bargaining unit employees with original signatures and dates to demonstrate the minimum 30% interest. Accordingly, the Secretary dismissed the decertification petition as unsupported by the requisite showing of interest.

Angelucci filed exceptions with the Board, asserting that the Commonwealth's list of bargaining unit members was inaccurate. The Board remanded the matter to the Secretary for a hearing limited to the issue of the accuracy of the Commonwealth's list of bargaining unit members. In its remand order, the Board expressly noted that while the accuracy of an employee list may be subject to challenge in a hearing, the adequacy of a showing of interest through authorization cards is an administrative matter not subject to collateral attack in a hearing.[4]

The Secretary scheduled a hearing on Angelucci's decertification petition.[5] The Commonwealth presented evidence that it obtained its list of bargaining unit employees from its computerized records, and that the list included all employees, both union members and nonmembers, who were employed in the bargaining unit on the day the list was generated.

---

[4] See 34 Pa. Code §95.17.

[5] The hearing also related to a similar petition for decertification filed by Keith Grube (Grube), another member of the bargaining unit. Grube filed a similar petition for review in this Court, which we adjudicate at Grube v. Pennsylvania Labor Relations Board (Pa. Cmwlth., No. 76 C.D. 2018, filed April 2, 2019).

3

Angelucci offered no evidence refuting the accuracy of the Commonwealth's list. Accordingly, the hearing examiner found the Commonwealth's list provided an accurate count of the bargaining unit members.

Despite the limited purpose of the Board's remand, the hearing examiner also reviewed the authorization cards submitted in support of Angelucci's petition. The hearing examiner concluded a substantial number of the cards were duplicative, were completed by persons not listed in the bargaining unit, or lacked original signatures or dates.

The hearing examiner issued a decision determining that the Commonwealth's lists were accurate and that Angelucci failed to support his petition with the requisite 30% minimum showing of interest. Angelucci filed exceptions with the Board.

The Board upheld the hearing examiner's finding that the list of bargaining unit members provided by the Commonwealth to the Board was accurate. The Board rejected Angelucci's argument that he reasonably relied on the list he received through his Right-to-Know Law request. The Board found nothing in the law authorizing reliance on an inaccurate bargaining unit list.

Angelucci also argued he was entitled to information concerning the precise number of authorization cards excluded in relation to each petition, as well as the reason for each exclusion. The Board rejected this argument as well. The Board reiterated that its determination of the adequacy of a showing of interest is an

administrative function not subject to collateral attack. The Board noted, moreover, that a substantial number of defective cards were submitted in support of the petition.

## II. Discussion
### A. Angelucci's Legal Arguments

On appeal,[6] Angelucci argues the Board erred by including nonmembers of the union in calculating the number of authorization cards needed to constitute 30% of the bargaining unit. Angelucci insists nonunion members cannot vote and therefore should not be counted.

Angelucci also challenges the Board's refusal to provide detailed information concerning the number of rejected authorization cards and the specific reason for rejecting each. Angelucci contends the Board could provide sufficient information to allow him to assess the propriety of the Board's rejection of each card, without providing personally identifiable information on the employee whose signature is at issue. Angelucci posits that the Board should provide transparency in this regard.

### B. Legal Analysis
### 1. Inclusion of Nonunion Members in 30% Calculation

Angelucci contends employees who are part of the bargaining unit but who are not union members have no voting rights. He reasons that those employees should not count in the Board's calculation of the 30% minimum showing of interest

---

[6] This Court's review of the Board's decisions is limited to determining whether the Board's findings are supported by substantial and legally credible evidence and whether its conclusions are reasonable and not arbitrary, capricious, or illegal. Kaolin Workers Union v. Pa. Labor Relations Bd., 140 A.3d 748 (Pa. Cmwlth. 2016).

required to trigger a decertification hearing and election. This Court discerns no merit in this argument.

As the Board correctly observes, Section 603 of PERA expresses the requisite 30% showing of interest as a percentage of the employees within a bargaining unit, not as a percentage of union members. See 43 P.S. §1101.603(a), (c); accord Section 7(c) of the Act of June 1, 1937, P.L. 1168, as amended, 43 P.S. §211.7(c) (parallel 30% showing of interest requirement under Pennsylvania Labor Relations Act[7]). Angelucci offers no support for his assertion that the 30% showing of interest required by Section 607 of PERA applies to a different group of employees from the 30% showing required under Section 603. The Board's regulations likewise express the requisite showing of interest as 30% of the employees in the bargaining unit. See 34 Pa. Code §§95.14(8), 95.21(2). The bargaining unit, as certified by the Board in 1972, includes all Commonwealth professional inspection, investigation, and safety services employees, not just those who choose to join AFSCME.

Thus, nothing in PERA suggests the 30% showing of interest bears any relation to voting rights.

Moreover, the Board is also correct in its conclusion that voting in any election is not limited to union members. "Employes who are hired and working in the payroll period immediately preceding issuance of the order directing the election shall be eligible to vote in the election, if they remain employed when the election

_____

[7] Act of June 1, 1937, P.L. 1168, as amended, 43 P.S. §§211.1 – 211.13.

6

takes place." 34 Pa. Code §95.54(a). Thus, all employees in the bargaining unit are entitled to vote on decertification. Angelucci's argument to the contrary is incorrect. Accordingly, there is no legal basis to limit the requisite 30% showing of interest to union members only.

### 2. Board's Basis for Rejecting Individual Cards

Section 605(2) of PERA grants the Board broad discretion in administering elections, including authority to enact regulations guaranteeing secrecy of ballots. 43 P.S. §1101.605(2). Pursuant to that authority, the Board enacted a regulation to safeguard the secrecy of authorization cards submitted in support of a decertification petition: "The showing of interest submitted will not be furnished to any of the parties. The Board or its agents will determine the adequacy of the showing of interest and such decision will not be subject to collateral attack in a hearing." 34 Pa. Code §95.17.

Despite this regulation, Angelucci argues he is entitled to transparency allowing him to know the Board's reason for each rejection of an authorization card. Angelucci suggests no duty of secrecy will be breached thereby, because having gathered the cards, he already has possession of them and thus knows the identities of the signing employees. Again, this Court discerns no merit in this argument.

First, the Board's reasons for rejecting specific cards have no relevance other than in challenging the Board's decisions concerning those cards. The Board's regulation expressly precludes collateral attacks on those decisions. Therefore, Angelucci fails to articulate a legitimate basis for obtaining such information from the Board.

7

Further, Angelucci's argument ignores the secrecy issue that would arise regarding the other parties if the Board disclosed information concerning the rejected cards. Angelucci may know the identities of the signatory employees, but AFSCME, a party by intervention, does not, and it is not entitled to that information. Providing information to Angelucci but not to AFSCME would be problematic. Thus, the Board is entitled to enforce its regulation and decline to provide information on its card rejections to any party.

Angelucci suggests the Board could provide general information, such as numbers of cards rejected for each category of reason (e.g., duplication, non-employee status, absence of signature or date), without providing individual identities of the persons who provided the cards. However, this procedure would not cure the lack of relevance discussed above, as the obvious purpose of the information still would be an impermissible collateral attack on the Board's card rejections. Therefore, the Board acted within its discretion in declining to provide its reasoning for individual card rejections.

### III. Conclusion

Based on the foregoing discussion, this Court affirms the Board's order dismissing Angelucci's exceptions and making absolute and final the hearing examiner's proposed order of dismissal.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Angelucci,            :
          Petitioner      :
                                  :
        v.                    :     No. 75 C.D. 2018
                                  :
Pennsylvania Labor Relations Board,    :
          Respondent    :

## **O R D E R**

**AND NOW**, this 2nd day of April, 2019, the order of the Pennsylvania Labor Relations Board is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge